UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS MAZUR | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| NCO FINANCIAL SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Francis Mazur, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.  Plaintiff, Francis Mazur (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Defendant has a principal place of business located in this District.

### III.  PARTIES

4. Plaintiff, Francis Mazur, is an adult natural person residing at 1610 Royalty Ridge, Willisburg, KY 40078. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Kentucky and the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around September 2010, Plaintiff began receiving phone calls from Defendant in regard to an alleged owed by a "John Snyder."

8. Plaintiff does not know anyone by the name of "John Snyder" and has told Defendant on numerous occasions that no one by that name resides at the home Defendant is contacting.

9. Defendant contacts Plaintiff three to six times a day.

10. Plaintiff has informed several agents of Defendant that Plaintiff does not know a "John Snyder" and to stop calling.

11. Defendant's agent repeatedly assures Plaintiff that Defendant will remove Plaintiff's phone number from the database but have failed to do so and calls continue.

12. Plaintiff receives phone calls from several different numbers each time by a different agent of Defendant.

13. Defendant leaves automated voice messages on the Plaintiff's answering machine.

14. Plaintiff has asked Defendant's agents where they are trying to contact "John Snyder," informing Defendant that Plaintiff is in Kentucky and believes that either the individual, for whom the Defendant is looking for, gave false information or that Defendant may have incorrectly entered the information into their database.

15. Plaintiff has had the same phone number for several years and does not understand why he is now receiving phone calls for an unknown person.

16. Plaintiff has told Defendant's agent that they may conduct a search on the internet on Plaintiff's phone number to verify that Defendant does indeed have the incorrect person.

17. Defendant's relentless phone calls have caused a disruption for Plaintiff since Plaintiff is a writer and works primarily from his home.  The constant phone calls interfere with the completion of his work.

18. Plaintiff has asked Defendant's agents to speak with a supervisor since the calls continue and has still received calls after being told by the supervisor that the calls would cease.

19. Plaintiff reached a point in which he felt the only way to get the calls to stop would be by telling Defendant that he was "John Snyder."  Defendant's agent told Plaintiff at that point that the alleged debt was due to Visa in the amount of $300.00.

20. During another conversation Plaintiff had with Defendant, Plaintiff asked Defendant where they were calling from and the Defendant's agent's response was "from the Caribbean."

21. Plaintiff continues to receive phone calls from Defendant despite Defendant's word that Plaintiff's phone number will be removed from the database.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### **COUNT I – FDCPA**

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(1): Contact of Third Party: Failed to identify themselves, or failed to state that collector in confirming or correcting location information

§ 1692b(3): Contact of Third Party: Contacted a person more than once, unless requested to do so

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692c(b): With anyone except the consumer, consumer's attorney, or credit bureau concerning the debt

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against NCO Financial Systems, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – TCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

30. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

  a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

  b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

  c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, NCO Financial Systems, Inc. and Order the following relief:

  a. Actual damages;

  b. Statutory damages;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

  d. Treble damages.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

           **Respectfully submitted,**

           **WARREN & VULLINGS, LLP**

Date:  December 23, 2010  **BY:** */s/Bruce K. Warren BKW4066*
           Bruce K. Warren, Esquire

           **BY:** */s/Brent F. Vullings BFV8435*
           Brent F. Vullings, Esquire

           Warren & Vullings, LLP
           1603 Rhawn Street
           Philadelphia, PA  19111
           215-745-9800   Fax 215-745-7880
           Attorney for Plaintiff